Matter of Chandler W. (Caitlyn M.) (2025 NY Slip Op 02491)

Matter of Chandler W. (Caitlyn M.)

2025 NY Slip Op 02491

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

283 CAF 23-01677

[*1]IN THE MATTER OF CHANDLER W. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CAITLYN M., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
DEENA MUELLER-FUNKE, BUFFALO, FOR PETITIONER-RESPONDENT.
DEBORAH K. JESSEY, CLARENCE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered September 19, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals in appeal No. 1 from an order of fact-finding and disposition determining that she abused her younger child. In appeal No. 2, the mother appeals from an order of fact-finding and disposition determining that she derivatively abused her older child. We affirm.
Contrary to the mother's contention in appeal No. 1, petitioner established a prima facie case of abuse. In so concluding, we emphasize that it is well settled that "the court's determination regarding credibility of the witnesses is entitled to great weight on appeal" (Matter of Charity M. [Warren M.] [appeal No. 2], 145 AD3d 1615, 1616-1617 [4th Dept 2016] [internal quotation marks omitted]; see Matter of Amire B. [Selika B.], 95 AD3d 632, 632 [1st Dept 2012], lv denied 20 NY3d 855 [2013]). On this record and affording such deference to Family Court's credibility determinations, there is a sound and substantial basis in the record for the court's finding of abuse (see Matter of Daniel D. [Tara D.], 232 AD3d 1220, 1220 [4th Dept 2024]; Matter of Dorika S. [Baseme M.], 222 AD3d 1445, 1446 [4th Dept 2023]).
It is well settled that a prima facie case of abuse may be established by adducing evidence "(1) [of] an injury to a child which would ordinarily not occur absent an act or omission of respondent[ ], and (2) that respondent[ was] the caretaker[ ] of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see Family Ct Act § 1046 [a] [ii]). "Although the petitioner bears the burden of proving child abuse by 'a preponderance of evidence' (§ 1046 [b] [i]), the statute 'authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur' and, therefore, once the petitioner 'has established a prima facie case, the burden of going forward shifts to [the] respondent[ ] to rebut the evidence of parental culpability' " (Matter of Kevin V. [Sarah L.], 229 AD3d 1159, 1160 [4th Dept 2024]).
Here, we conclude that petitioner established that the younger child suffered multiple injuries that "would ordinarily not occur absent an act or omission of [the mother]" (Philip M., 82 NY2d at 243). Petitioner adduced evidence from a physician, certified in child abuse pediatrics, who examined the then-five-month-old younger child and testified that the child had rib fractures, as well as multiple other fractures and injuries, that were highly specific for abuse. [*2]The physician explained that the mother provided no history of accidental trauma that could explain the younger child's injuries. Specifically, the physician concluded that it was unlikely that a "non-cruising infant" such as the younger child would be able to generate the amount of force necessary to cause the bruising observed and that being left in a swing at daycare would not cause the type of bruising and fractures that she observed on the child. The physician testified that, based upon her findings, the younger child's case was "diagnostic of abuse to a reasonable degree of medical certainty."
We further conclude that petitioner established that the mother was a "caretaker[ ] of the [younger] child at the time the injur[ies] occurred" (id.). It is undisputed that at least one of the younger child's injuries occurred when the child was solely in the mother's care. With respect to the other injuries, section 1046 (a) (ii) of the Family Court Act creates a presumption of culpability for all of the child's caregivers, including the mother in this case, especially where as here the caregivers are few and well defined (see Matter of Avianna M.-G. [Stephen G.], 167 AD3d 1523, 1523-1524 [4th Dept 2018], lv denied 33 NY3d 902 [2019]). Consequently, petitioner's "inability . . . to pinpoint the time and date of each injury and link it to an individual respondent [is not] fatal to the establishment of a prima facie case" of abuse (Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 73 [1st Dept 2012]; see Avianna M.-G., 167 AD3d at 1524).
In response to petitioner's demonstration of a prima facie case of abuse, the mother failed to rebut the presumption of parental culpability. Indeed, the mother "fail[ed] to offer any [credible] explanation for the [younger] child's injuries" and simply denied inflicting them (Philip M., 82 NY2d at 246; see Amire B., 95 AD3d at 632; Matter of William W., 125 AD2d 976, 976 [4th Dept 1986]). We conclude that "[t]here is no basis to disturb the court's credibility determinations with respect to the mother's varying accounts of the occurrence, nor the court's decision to credit" the testimony of the daycare workers and the physician that the injuries were not caused by the daycare (Amire B., 95 AD3d at 632).
With respect to appeal No. 2, we conclude that the court's finding of derivative abuse of the older child is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [a] [i]; [b] [i]; Matter of Deseante L.R. [Femi R.], 159 AD3d 1534, 1536 [4th Dept 2018]). The abuse of the younger child "is so closely connected with the care [of his sibling] as to indicate that [his sibling] is equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]). The abuse of the younger child " 'demonstrates such an impaired level of judgment by the [mother] as to create a substantial risk of harm for any child in her care' " (Matter of Dorian C. [Cyncere G.] [appeal No. 3], 233 AD3d 1516, 1519 [4th Dept 2023]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court